UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| **In re:**<br><br>Rhodie I. Bruce<br>    Debtor<br><br>Nationstar Mortgage LLC d/b/a Mr. Cooper<br>    Movant<br>v.<br><br>Rhodie I. Bruce,<br>    Debtor/Respondent<br>WILLIAM C. MILLER, Esquire<br>    Trustee/Respondent | **Bankruptcy No. 19-16697-mdc**<br><br>**Chapter 13**<br><br>Hearing Date: March 30, 2021<br>Hearing Time: 10:30am<br>Location: Robert N.C. Nix Sr. Federal Courthouse<br>900 Market Street, Suite 202<br>Philadelphia, PA 19107 |

**MOTION OF NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER TO FORECLOSE ON 810 W COBBS CREEK PKWY, LANSDOWN, PENNSYLVANIA 19050-3605**

Secured Creditor, Nationstar Mortgage LLC d/b/a Mr. Cooper, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301, for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor(s), Rhodie I. Bruce, filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on October 28, 2019.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and

statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On August 2, 2013, Rhodie I. Bruce and Lena B. Bruce executed and delivered a Promissory Note ("Note") and Mortgage ("Mortgage") securing payment of the Note in the amount of $126,717.00 to Citibank, N.A.. A true and correct copy of the Note is attached hereto as Exhibit "A."

4. The Mortgage was recorded on August 14, 2013 in Instrument Number 2013056430 of the Public Records of Delaware County, Pennsylvania. A true and correct copy of the Mortgage is attached hereto as Exhibit "B."

5. The Mortgage was secured as a lien against the Property located at 810 W Cobbs Creek Pkway, Lansdown, Pennsylvania 19050-3605 ("the Property").

6. Based upon the Debtor(s)' Amended Chapter 13 Plan (Docket No. 21), the property is treated outside the Plan and Debtor is responsible for maintaining post-petition payments directly to Secured Creditor. A true and correct copy of the Amended Chapter 13 Plan is attached hereto as Exhibit "C."

7. Co-Debtor(s), Rhodie I. Bruce and Lena B. Bruce are liable on and/or has secured the aforementioned debt with the Debtor(s).

8. Debtor has failed to make the monthly payments of principal, interest, and escrow in the amount of $1,397.43 which came due on January 1, 2021 and February 1, 2021, respectively. There is currently a suspense balance of $14.14.

9. Thus, Debtor(s)' post-petition arrearage totaled the sum of $2,780.72 through February 28, 2021.

10. The current unpaid principal balance due under the loan documents is approximately

$91,914.10. Movant's total claim amount, itemized below, is approximately $92,663.81.

See Exhibit "D."

| Unpaid Balance | $91,914.10 |
|---|---|
| Interest Amount | $763.85 |
| Total Suspense | ($14.14) |
| Total | $92,663.81 |

11. According to the Debtor(s)' schedules, the liquidation value of the property is $137,160.00. A true and accurate copy of the Debtor(s)' Schedule A/B is attached hereto as Exhibit "E."

12. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay and Co-Debtor stay for "cause" which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the stay under Section 362(d)(1) and Co-Debtor stay pursuant to 11 U.S.C. § 1301 is established where a debtor has failed to make installment payments or payments due under a court-approved plan, on a secured debt, or where the Debtor(s) have no assets or equity in the Mortgaged Property.

13. As set forth herein, Debtor has defaulted on his secured obligation as he has failed to make his monthly post-petition installment payments.

14. As a result, cause exists pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301 of the Code for this Honorable Court to grant relief from the automatic stay to allow Secured Creditor, its successor and/or assignees to pursue its state court remedies, including the filing of a foreclosure action.

15. Additionally, once the stay is terminated, the Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the

Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) and 11 U.S.C. § 1301 to permit Nationstar Mortgage LLC d/b/a Mr. Cooper to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), and for any such further relief as this Honorable Court deems just and appropriate.

Date: March 4, 2021

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Attorney for Secured Creditor
10700 Abbott's Bridge Rd., Suite 170
Duluth, GA  30097
Telephone: (470) 321-7112
By: /s/ Charles G. Wohlrab
Charles G. Wohlrab, Esquire
PA Bar Number  314532
Email: cwohlrab@raslg.com